# Superior Court of California
# County of Los Angeles



## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

> The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.
>
> There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).
>
> In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

    In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

    **Settlement Conferences are appropriate in any case where settlement is an option.**
    Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

    The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

    In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Page 3 of 4

Exhibit A
Page 3 of 19

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/09/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: R. Clifton       Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV09596 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Richard L. Fruin | 15 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   Sherri R. Carter, Executive Officer / Clerk of Court

on 03/10/2020                                               By R. Clifton                          , Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

Exhibit A
Page 5 of 19

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Case 2:20-cv-03372-JWH-AS Document 1-1 Filed 04/10/20 Page 7 of 19 Page ID #:31

Electronically FILED by Superior Court of California, County of Los Angeles on 03/09/2020 04:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
20STCV09596
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

Kenneth G. Ruttenberg (SBN 167377)
THE RUTTENBERG LAW FIRM, P.C.
1901 Avenue of the Stars, Suite 1020
Los Angeles, CA 90067
Tel:    (310) 979-7080
Fax:   (310) 207-4033

Attorneys for Plaintiff
ARCADIAN CAPITAL, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ARCADIAN CAPITAL LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CURA PARTNERS INC., an Oregon corporation; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. 20STCV09596 <br><br> [Filed on _____; assigned to Hon. _____, in Dept. _____ ] <br><br> **COMPLAINT FOR:** <br><br> (1) **BREACH OF WRITTEN CONTRACT;** and <br> (2) **DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Arcadian Capital LLC ("Plaintiff"), by way of its Complaint, alleges as follows:

**PARTY, JURISDICTIONAL AND VENUE ALLEGATIONS**

1. Plaintiff was and is, at all times pertinent to this Complaint, a California limited liability company organized and existing under the laws of the State of California and having its principal place of business at 9663 Santa Monica Boulevard, No. 1038, Beverly Hills, CA 90210.

2. Defendant Cura Partners Inc. was and is an Oregon corporation, with its principal place of business at 115 SE Yamhill Street, Portland, OR 97214. Partners is one of the largest cannabis companies in the world. On or about March 1, 2018, Cura Partners LLC converted its legal form to Cura Partners Inc. pursuant to a plan of conversion and articles of conversion. Cura Partners Inc. and Cura Partners LLC are collectively hereinafter referred to as "Partners." At all

-1-
**COMPLAINT**

relevant times herein, Partners owned certain cannabis products marketed under the Select brand name.

3. The true names and capacities of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show the Doe Defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is responsible in some manner for the acts and conduct alleged herein and for proximately causing Plaintiff's injuries and damages as alleged herein. Each reference in this Complaint to "Defendant" or "Defendants" also refers to all Defendants sued under such fictitious names.

4. Plaintiff is informed and believes and based thereon alleges that, at all times herein mentioned, each of the Defendants, including all Defendants sued under fictitious names, was the agent, servant, officer, employee, joint venturer, co-conspirator, representative, successor, or partner of each of the other Defendants herein, and, in doing and taking part in the things and acts herein alleged, was acting within the course and scope of such authority conferred upon that party by consent, approval, or ratification, whether such authority was actual or apparent.

5. Venue is proper in this District because the claims arose or the contract at issue was entered into in this District.

## GENERAL FACTUAL ALLEGATIONS

### The Contract

6. On or about February 21, 2018, Plaintiff and Partners entered into a written Consulting Agreement, a copy of which is attached hereto as Exhibit A ("Contract") and incorporated herein by reference. Under the Contract, the parties agreed that Partners would engage Plaintiff as a corporate consultant to assist with sourcing and introducing of prospective investors and lenders to Partners. The Contract was signed in Beverly Hills, California.

///

///

7. Under the Contract, Plaintiff and Partners agreed upon an approved list of prospective referrals, which included Boris Jordan and his entities Curaleaf, PalliaTech (incorrectly spelled in the Contract as "Paliatech"), and Measure 8. Partners agreed to pay Plaintiff a cash fee equivalent to three percent (3%) of the amount of any such investment from one of the approved referrals (hereinafter "Consulting Fee"). Partners also agreed to pay Plaintiff a Consulting Fee with regard to any investment made by an approved referral at time, provided that the referral made an initial investment or completed a transaction with Partners during the term of the Contract or within six months following the termination of the Contract. The parties agreed that the compensation provisions of the Contract would survive termination of the Contract.

8. The parties agreed that the initial term of Contract would be twelve months, after which the Contract would terminate upon 30-day prior written notice by either party. To date, neither party has, in writing, terminated the Contract.

9. The parties agreed that the Contract would be construed and controlled by the laws of the State of California. The Contract required that any dispute between the parties be determined by a court of competent jurisdiction within the State of California. The parties agreed to venue and personal jurisdiction in the state and federal courts in Los Angeles County, State of California.

10. The Contract provides that the obligations of Partners or any of its successors or assigns to pay Plaintiff a Consulting Fee shall not be affected by any change in ownership, management, control, organizational structure, or compensation structure of Partners or any of its respective successors or assigns.

### Partners' Breach of Contract

11. In or around April 2018, pursuant to an introduction made by Plaintiff, PalliaTech, Inc., an approved referral under the Contract, made an initial investment in Partners in the approximate sum of $13 million. Thereafter, on May 23, 2018, Partners, through one of its vehicles, wired Plaintiff a Consulting Fee of $390,000. Plaintiff is informed and believes that, in or around August 2018, PalliaTech, Inc. formally changed its corporate name to Curaleaf, Inc.

-3-
**COMPLAINT**

("Curaleaf"), also an approved referral under the Contract. Boris Jordan is Curaleaf's executive chairman and controlling shareholder. Curaleaf is a wholly-owned subsidiary of Curaleaf Holdings, Inc.

12. On or about May 1, 2019, also pursuant to the introduction made by Plaintiff, Partners entered into a merger agreement with Curaleaf whereby Curaleaf acquired Partners' entire cannabis business, including its Select brand, in an all-stock transaction (95,555,556 shares) valued at $948,800,000 (hereinafter the "Transaction Agreement"). Plaintiff is informed and believes that the Transaction Agreement was subsequently amended such that Curaleaf would purchase 55,000,000 shares at closing, and the remaining 40,555,556 shares contingent upon Curaleaf's achieving certain sale milestones. Partners may be entitled to additional incentives (up to $200 million) based on Curaleaf sales in 2020.

13. On January 28, 2020, Plaintiff sent Partners an invoice for its Consulting Fee. Plaintiff requested that Partners pay 3% of the value of Curaleaf's purchase of 55,000,000 shares (traded at $6.75) or $11,137,500. However, when the Transaction Agreement closed on February 1, 2020, the stock was trading at $7.10, such that Plaintiff is entitled to a Consulting Fee in the amount of $11,715,000. To date, Partners has failed to pay Plaintiff its Consulting Fee.

## FIRST CAUSE OF ACTION

(Breach of Written Contract Against Defendants and Does 1-10)

14. Plaintiff re-alleges and incorporates herein by reference each and every allegation in Paragraphs 1 through 13 above.

15. The Contract constituted and constitutes a valid, binding, written contract between Plaintiff and Partners and Does 1-10. Plaintiff has performed all terms and conditions under the Contract to be performed on its part, except as excused by Defendants' breach.

16. Defendants, in breach of their obligations to Plaintiff under the Contract, have failed to pay the Consulting Fee due Plaintiff in connection with Curaleaf's purchase of Partners' cannabis business.

17. As a direct and proximate result of such breach, Plaintiff has suffered, and continues to suffer, compensatory damages in the approximate sum of $11,715,000.

-4-
**COMPLAINT**

## SECOND CAUSE OF ACTION

(Declaratory Relief Against Defendants and Does 1-10)

18. Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 13, inclusive, hereinabove.

19. As a result of Defendants' failure to pay Plaintiff its Consulting Fee based on Curaleaf's investment of $390,500,000 (or 55,000,000 shares of stock), an actual dispute and controversy now exist between Defendants and Plaintiff with regard to future payments made by Curaleaf to Partners pursuant to the Transaction Agreement. Plaintiff contends that, under the Contract, it is entitled to a Consulting Fee on all future payments made by Curaleaf, however characterized, pursuant to the Transaction Agreement. Plaintiff is informed and believes that Defendants dispute Plaintiff's contention and that Defendants contend that they do not owe a Consulting Fee to Plaintiff on any future payments by Curaleaf.

20. Plaintiff therefore desires and requests a judicial determination and declaration of the respective rights and obligations of the parties under the Contract.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages against all Defendants in the approximate amount of $11,715,000;

2. For a judgment declaring the rights, duties and liabilities of the parties under the Contract;

3. For all costs of suit incurred herein;

4. Interest at the maximum legal rate on the unpaid balance; and

5. For such other and further relief as this Court may deem just and proper.

Dated: March 9, 2020

THE RUTTENBERG LAW FIRM, P.C.

By: _____
Kenneth G. Ruttenberg
Attorneys for Plaintiff
ARCADIAN CAPITAL LLC

-5-
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all matters that may be so tried.

Dated: March 9, 2020

THE RUTTENBERG LAW FIRM, P.C.

By: _____
Kenneth G. Ruttenberg
Attorneys for Plaintiff
ARCADIAN CAPITAL LLC

# EXHIBIT A

# CONSULTING AGREEMENT

**THIS CONSULTING AGREEMENT** (the "Agreement") is made as of February 21, 2018 (the "Execution Date"),

## BY AND BETWEEN:

**Cura Select**
(together with its affiliates, "CURA")
and
**Arcadian Capital LLC**
(together with its affiliates, "Arcadian")

(each individually, a "Party" and collectively, the "Parties")

The purpose of this Agreement is to set forth certain understandings between Cura Partners LLC and Arcadian Capital LLC.

AGREEMENT TERMS:

A) Cura Select wishes to engage Arcadian as a corporate consultant. Arcadian would assist with sourcing and and introducing prospective investors and lenders. Arcadian would be involved in acting as a liaison during the term of the introduced relationships should Cura decide to pursue any above referenced introductions.

B) Cura Select shall pay Arcadian a cash fee equivalent to three percent (3.0%) of the amount of such Investment from parties mentioned in paragraph (a). I also believe matt had indicated by email that this would be mutual if we helped get investors for the fund in form of a 25% fee discount.

C) An initial list of approved prospective Arcadian Referrals as of the Execution Date is included on Appendix A attached to this Agreement, and Arcadian may present in writing additional names of proposed Arcadian Referrals to Cura for approval by Cura in writing from time-to-time after the Execution Date. Consulting Fees shall be payable for Arcadian Investors included on the Appendix A attached hereto, or that Cura Select has approved in writing, including via e-mail, after the Execution Date, or that qualify as an Arcadian Referral pursuant to the terms of Paragraph (e) below.

D) Arcadian shall be entitled to receive Consulting Fees in respect of Investments by an Arcadian Referral made at any point in time, provided that such Arcadian Referral makes an initial Investment or completes a transaction with Cura Select during the term of this Agreement or during the six (6) months following its termination (the "**Tail Period**"). The compensation provisions of this Agreement shall survive its termination.

E) Referrals who have been introduced directly to Cura Select by an Arcadian and who make an Investment or consummate other business endeavors shall themselves be deemed an Arcadian referral for purposes of calculating the Consulting Fees, unless Cura Select had a demonstrable prior relationship with such party. Cura Select will notify Arcadian in writing (including via e-mail) within 30 business days of learning that a potential investor or client or supplier was referred to Cura Select by an Arcadian Referral.

F) The Parties are entering into this Agreement based solely on the representations and warranties herein and not based on any promises, representations, and/or warranties not found herein. No modification, waiver, amendment, discharge, or change of this Agreement shall be valid unless the same is in writing.

G) Both parties agree to indemnify and or defend for third party damages if such damages are incurred through a breach of any of the representations, warranties or covenants of the indemnifying party, or any gross negligence, willful misconduct or the violation of any law or regulation by the indemnifying party.

H) Except as and to the extent required by law, neither Party shall disclose or use any confidential information of the other Party other than in connection with evaluating the relationship proposed in this Agreement. The identity and contact information of all Arcadian Investors and proposed Arcadian Investors shall be considered confidential information of Arcadian.

I) This Agreement shall be construed and controlled by the laws of the State of California. Any dispute or disagreement between the Parties in connection with the provisions hereof shall be determined in a court of competent jurisdiction within the State of California, and the Parties hereby consent to venue and personal jurisdiction in the state and federal courts in Los Angeles County, State of California.

J) The obligation of Cura Select and/or any of its successors or assigns to compensate Arcadian as described herein shall not be affected by (1) any change in ownership, management, control, organizational structure or compensation structure of Cura Select or any of its respective successors or assigns, or (ii) the redemption by any Arcadian Investor from a vehicle managed by Cura Select and subsequent investment by such investor or an affiliate thereof into another vehicle (whether a fund, managed account, or other structure) managed by Cura Select, or any successors or assigns thereof, under a similar investment strategy.

K) The initial term of the services to be provided by Arcadian shall be for a period of twelve (12) months, after which period this Agreement shall terminate upon the 30-day prior written notice by any Party to the other Party. However, Arcadian shall be entitled to continued compensation for transactions which have closed or are in the process of closing prior to the termination of the agreement (Cura would be obligated to continue to pay Arcadian 3% of sales if it continues to sell to an Arcadian referral after the termination of the Cura-Arcadian agreement so that the agreement cannot be terminated solei to eliminate existing obligations).

L) The Parties are entering into this Agreement based solely on the representations and warranties herein and not based on any promises, representations, and/or warranties not found herein. No modification, waiver, amendment, discharge, or change of this Agreement shall be valid unless the same is in writing.

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the Execution Date.

Arcadian Capital LLC

By: _____
Name:
Title: Managing Member


CURA SELECT

By: _____
Name:   Nitin Khanna
Title:   CEO

## APPENDIX A

Boris Jordan and his entities
Cura Leaf
Paliatech
Measure 8
Ben Shaoul and his entities
710 Kingpen
Magnum RE

Case 2:20-cv-03372-JWH-AS Document 1-1 Filed 04/10/20 Page 18 of 19 Page ID #:42

Electronically FILED by Superior Court of California, County of Los Angeles on 03/09/2020 04:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
20STCV09596

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CURA PARTNERS INC., an Oregon corporation; and DOES 1 through 10 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARCADIAN CAPITAL LLC, a California limited liability company.

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court
111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**20STCV09596**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth G. Ruttenberg, 1901 Avenue of the Stars, Ste. 1020, Los Angeles, CA 90067, 310.979.7080

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 03/09/2020
*(Fecha)*

Clerk, by R. Clifton, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 03/19/2020 09:14 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Soto,Deputy Clerk

Case 2:20-cv-03372-JWH-AS   Document 1-1   Filed 04/10/20   Page 19 of 19   Page ID #:43

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kenneth G. Ruttenberg (SBN: 167377)<br>The Ruttenberg Law Firm, P.C.<br>1901 Avenue of the Stars, Suite 1020<br>Los Angeles, CA 90067<br>TELEPHONE NO.: 310.979.7080   FAX NO. *(Optional):* 310.207.4033<br>E-MAIL ADDRESS *(Optional):* ken@ruttenbergpc.com<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

| PLAINTIFF/PETITIONER: ARCADIAN CAPITAL LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CURA PARTNERS INC., ET AL. | 20STCV09596 |

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✔ summons
   b. ✔ complaint
   c. ✔ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✔ other *(specify documents):* Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      CURA PARTNERS INC.

   b. ✖ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Sharon Walls, Clerk of RA

4. Address where the party was served:
   1127 Broadway Street NE Suite 310 Salem, OR 97301

5. I served the party *(check proper box)*
   a. ✖ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 3/13/2020   (2) at *(time):* 9:50 am
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>Exhibit A<br>Page 19 of 19 |
|---|---|---|