UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff/Non-Parties: | | Attorneys Present for Defendant: |
| N/A | | N/A |

**Proceedings (In Chambers):** Order (1) GRANTING-IN-PART AND DENYING-IN-PART Plaintiff's Application to Quash Subpoenas; (2) GRANTING-IN-PART Defendant's Motion to Compel Deposition Testimony from Third Party Stacy Huynh; and (3) GRANTING Motion to Modify Scheduling Order. (Dkt. Nos. 45, 47-48, 50-51, 54-55, 60-63)

On November 17, 2020, the Court issued an order denying non-parties' *ex parte* applications to quash subpoenas, granting the request for additional briefing on the motions to quash, and ordering the parties to submit a proposed schedule for depositions and written discovery. Dkt. No. 46. On November 18, 2020, Plaintiff filed its supplemental brief,[1] accompanied by the declaration of Brian Procel and exhibits A to RR (Dkt. Nos. 47-48). On November 23, 2020, Defendant filed its opposition to Plaintiff's supplemental brief, accompanied by the declaration of Oren Bitan and exhibits 1-18, and the declaration of Aaron Levine and exhibits A-K.[2] (Dkt. Nos. 54-57)

On November 20, 2020, the parties filed their respective proposed discovery schedule. (Dkt. Nos. 50-51).

On November 17, 2020, Defendant filed a motion to compel deposition testimony and production of documents from Third-Party Stacy Huynh ("motion"), and a supplemental memorandum in support of the motion on November 24, 2020 (Dkt. Nos. 45, 60). On November 24, 2020, Plaintiff filed its opposition to the motion. (Dkt. No. 61). On November 25, 2020, Defendant filed objections to the

---

[1] Non-Parties are represented by Plaintiff's counsel.

[2] The Court granted Defendant's unopposed application to file the declaration of Aaron Levine and Exhibits A-K under seal. (Dkt. Nos. 53, 59).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

declarations of Plaintiff's counsel and Stacy Huynh that were filed in support of Plaintiff's opposition to the motion. (Dkt. Nos. 62-63).

The Court finds these discovery disputes appropriate for resolution without a hearing. See Dkt. No. 65. This Order now issues.

**A.  Background**

On February 21, 2018, Defendant Cura Partners Inc., a well-known cannabis company, entered into a consulting agreement with Plaintiff Arcadian Capital, LLC, which required Defendant to pay Plaintiff a 3% fee for each investor that Plaintiff referred to Defendant from a list of approved investors attached to the agreement. Dkt. No. 13 at 1. Plaintiff filed this lawsuit after Defendant failed to pay the fee based on a $948,800,000 investment by Curaleaf, Inc., a company that Plaintiff introduced to Defendant. Plaintiff claims that it is entitled to a 3% fee for that introduction and seeks damages for Defendant's breach of the agreement and declaratory relief as to Defendant's duty to pay Plaintiff a 3% fee on all pending or future investments from the list of approved investors. Id., Dkt. No. 45 at 1.

Defendant denies the existence of an enforceable agreement, contending, *inter alia*, that Plaintiff "Arcadian Capital, LLC," was not a legally formed entity when the agreement was entered into and did not perform any consulting activities, and that any alleged agreement is (1) void under federal securities laws; (2) subject to rescission based on fraud and misrepresentation by Plaintiff's members; and (3) not enforceable due to unclean hands, unjust enrichment and waiver or estoppel. Dkt. No. 13 at 2. In support of these contentions, Defendant asserts that its principals, Nitin Khanna and Cameron Forni, met Matthew Nordgren and Jason Sugarland who controlled a group of companies known as the "Arcadian Fund Entities," consisting of Arcadian Capital Management, LLC, Arcadian New Venture Fund GP, LLC, and Arcadian New Venture Fund, LP, ("Entities"). Based on the representations that Nordgren and Sugarland made about the Entities' experience, reputations and connections in the cannabis industry and the existence of other large investors in the Entities, Khanna and Forni invested $100,000 of their personal funds in the Entities and subsequently entered into the Consulting agreement on behalf of Defendant Cura Inc. Defendant has since discovered that Arcadian Capital LLC was a special purpose entity that Nordgren and Sugarland created, after the consulting agreement was entered into, to receive funds from the consulting agreement without disclosing or sharing these profits with investors in the Entities, including Khanna and Forni. Defendant claims that it was misled into believing that it was contracting with the Entities and would not have otherwise entered into the agreement. Dkt. No. 45 at 2-3, 9-10.

The discovery disputes before the Court concern Defendant's requests for discovery concerning its affirmative defenses, specifically, its motion to compel testimony and document production from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

Stacy Huynh, Director of Operations for Arcadian Capital Management, LLC, the entity that Defendant's principals believed they were contracting with, and its third party subpoenas to Plaintiff's affiliates. (Dkt. Nos. 45, 47). Plaintiff contends that the subpoenaed individuals and entities have no relationship to this case in which Plaintiff Arcadian Capital, LLC, a single purpose entity with only one asset (the consulting agreement with Defendant), contracted to receive 3 percent of any investments in Defendant from a list of companies attached to the agreement, and did not receive payment for an investment made by Curaleaf, Inc., a company on the list. Dkt. No. 47.

**B.** **Legal Standards**

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nevertheless, information "need not be admissible in evidence to be discoverable." Id. Thus, relevance, for purposes of discovery, is defined broadly, and "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015); see Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). However, under amended Rule 26(b), discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This proportionality requirement "is designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." Mfg. Automation & Software Sys., Inc. v. Hughes, No. CV 16-8962, 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017).

Motions to compel are governed by Rule 37, which allows a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 provides that a party may serve on any other party a request to produce documents or electronically stored information within the party's possession, custody, or control that is otherwise within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(A). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." United States v. McGraw-Hill Companies, Inc., No. CV 13-0779, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). Further, district courts have "broad discretion" to control discovery and in determining relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citation and alteration omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

Rule 45(d)(3) sets forth the bases for a court to quash or modify a nonparty subpoena. In particular, as applies here, the court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii) (emphasis added). "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005). "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005). Whether a subpoena imposes an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." United States v. Int'l Bus. Machines Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

### C. Motion To Compel Testimony

On October 27, 2020, Defendant deposed Stacy Huynh, Director of Operations for Arcadian Capital Management, LLC, the entity that managed the Arcadian New Venture Fund GP, LLC, and the Arcadian New Venture Fund, LP ("Fund"). Among other things, Huynh testified that the Entities focused on non-plant touching Cannabis-related companies and therefore, could not do business with Defendant Cura. Defendant contends that Huynh, who was represented by counsel for the Arcadian Fund Entities, was instructed not to answer questions about the Entities' business, including investments, on the grounds of relevance and privacy. Id. at 6, 12. Defendant now moves to compel testimony from Huynh about the question she was instructed not to answer and the following related topics: (1) representations made to the Entities' investors about the Entities' 'plant-touching' limitations; (2) representations made to the Entities' investors about Nordgren and Sugarman's expertise and connections; (3) capital calls to the Entities' investors and the bank accounts used to receive related funds; (4) details regarding the flow of investor funds; and (5) disclosures to the Entities' investors and administrators about the Consulting agreement and deal with Cura, funds received from Cura, and the use of the Entities' bank account in connection with the Consulting agreement. Dkt. No. 45 at 6-7.

In its opposition to the motion, Plaintiff asserts that Huynh was properly instructed not to answer one question relating to the Entities' largest investors and amounts invested based on the "entities' right of privacy with respect to its investments and its investors," because the identity of the largest investors is not relevant to any claim or defense and is not public information. Id. at 7. However, as Defendant notes, a right to privacy is not an absolute bar to discovery and must be balanced against the need for disclosure. Id. at 12-13. Here, Defendant contends that information regarding the Entities' investors is relevant to its affirmative defenses of fraud/misrepresentation and unclean hands because its principals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

were led to believe they were dealing with the Fund and its related entities and the fraud extended to the Fund's investors who were purportedly deprived of the benefits of the consulting agreement. Defendant points to email communications in which Nordgren agreed that the consulting agreement should be in the name of Arcadian Capital *Management* LLC, rather than Arcadian Capital LLC, and responded to an investor's inquiry about the Cura investment, id., at 10-11, from which it can be inferred that the consulting agreement was entered into on behalf of the Fund and its investors. Defendant asserts that it has no other means of obtaining the information other than from Ms. Huynh and other witnesses to be deposed, and that the protective order in this case can alleviate any concerns regarding the improper disclosure of private information. Id. 12-13. The Court agrees. Information regarding the entities' investors and amounts invested in the entities is relevant to Defendant's affirmative defenses and Defendant is entitled to inquire about this information from Ms. Huynh. Moreover, the protective order in this case can adequately address Plaintiff's concerns regarding improper disclosure of sensitive information. Accordingly, Defendant's Motion to Compel Ms. Huynh to answer questions regarding the identity of investors and amount of investments in the Entities is GRANTED. Ms. Huynh's responses will be subject to the provisions of the protective order entered in this case.

Plaintiff contends that Defendant cannot move to compel testimony from Ms. Huynh about the five topics it claims it was unable to inquire about because these questions were never asked of her and unasked questions are not a proper ground for a motion to compel. Id. at 8. As Defendant points out, Plaintiff's reliance on *Martinez v. Walt Disney Co.,* 2012 WL 12913739 at *1 (C.D. Cal. Aug. 8, 2012), is inapposite, in that the decision reveals no information about the deposition that was at issue or the questions asked in it and the Court explicitly *rejected* the argument that a witness cannot be compelled to answer questions it was not asked. Id. (Dkt. No. 60 at 4).

Plaintiff claims that Defendant's failure to meet and confer regarding the five topics on which it seeks to compel testimony warrants denial of the motion and it also disputes Defendant's claim that it was prevented from questioning Ms. Huynh on these topics based on her refusal to answer a question regarding investors and the amount of investments in the Entities. Dkt. Nos. 45 at 8, 61 at 3. It does not appear that Defendant conferred with Plaintiff regarding the five topics on which it now seeks to question Ms. Huynh (see Dkt. No. 45, Exhs, 5-7; Dkt. No. 61 at 3), and Defendant did not address this issue in its supplemental brief. See Dkt. No 60. While the Court will not deny this aspect of Defendant's motion to compel due to failure to meet and confer on these topics, the Court places the parties on notice that further requests for rulings on discovery disputes, whether by Rule 37 motion or the Court's informal discovery dispute resolution procedure, will not be entertained unless the parties have certified that they have met and conferred in good faith as to all issues in dispute. L.R. 37-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

Plaintiff maintains that, contrary to Defendant's claim that it was precluded from inquiring into the five topics because Ms. Huynh was instructed not to answer a question about investors and investments in the Fund, Defendant asked and received responses from Ms. Huynh about several of these topics. Dkt. No. 61. The Court's review of the draft deposition transcript confirms that Ms. Huynh was questioned about topic No. 1, representations to investors about whether the Arcadian Fund is plant-touching (Dkt. No. 61 at 3-4, Exh. A at 84-85, 89), topic No. 3, capital calls to Entities' investors and the bank accounts used to receive related funds (id., at 4-5, Exh. A at 51-57), topic No. 4, details regarding the flow of investor funds (id., at 5, Exh. A at 47), and topic No. 5, disclosures to investors and administrators about the Consulting agreement, funds received from Cura and the use of the Entities' bank account in connection with the consulting agreement, (id., at 5, Exh. A at 61, 80 and 124), and it does not appear that Plaintiff's refusal to answer questions about investors and investments in the funds precluded questioning on these topics. Plaintiff argues that Defendant's failure to question Ms. Huynh about topic no. 2, representations to the Entities' investors about Nordgren's and Sugarman's industry experience and connections, is not related to her refusal to answer questions about investors and investments and Defendant should not be permitted to have a second opportunity to question Ms. Huynh on a topic that it failed to pursue at her initial deposition. However, the Court finds a nexus between the refusal to identify investors and amounts invested with representations that may or may not have been made to those investors regarding Nordgren's and Sugarman's industry experience and Defendant could not have pursued this line of questioning, at least with respect to specific investors, without Ms. Huynh's responses. Given the relevance of this topic to Defendant's affirmative defense of fraud and misrepresentation, the Court will permit further questions on this topic. Accordingly, Defendant's motion to compel further testimony is DENIED as to topic nos. 1, 3, 4 and 5, and GRANTED as to topic no. 2. Ms. Huynh's responses may be subject to the provisions of the protective order entered in this case.

**D.    Motion To Compel Production Of Documents**

During her deposition, Ms. Huynh confirmed that she only searched her email account for documents responsive to Defendant's request for production of documents. Defendant now moves to compel Huynh to perform a complete search for responsive documents. Dkt. No. 45 at 7, 20. Huynh asserts that following her deposition, she produced, through counsel, additional responsive text messages and confirms that she has performed a full and complete search for all responsive documents. Id. at 8, 20-21; Exh. B. Ms. Huynh's declaration, filed with Plaintiff's supplemental memorandum, states that she conducted a further search for responsive documents, produced additional text messages and has "now searched for all responsive documents" and "produced all documents in [her] possession that are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

responsive to the subpoena." Dkt. No. 61, Huynh Decl., ¶¶ 4-5. Accordingly, Defendant's motion to compel further production of documents from Ms. Huynh is DENIED as moot.[3]

**E.     Motion To Quash Third Party Subpoenas**

Plaintiff contends that the third party subpoenas Defendant has served on Plaintiff's limited partners, affiliates, accountants and bank records, are not relevant to the issues in this case which, according to Plaintiff, involves a single purpose entity – Arcadian Capital, LLC – which contracted with Defendant to receive a finder's fee for referrals resulting in an investment, and did not receive payment for a referral. Dkt. No. 47 at 3. Plaintiff claims that the subpoenaed parties know nothing about the consulting agreement between Plaintiff and Defendant, "have nothing to do with Plaintiff, Defendant, or the Consulting Agreement" and their "dealings with the Fund have nothing to do with Plaintiff's representations to Defendant." Id., at 5. Plaintiff also asserts that the third party subpoenas seek information that infringes on the privacy rights of the Entities and their investors, seek sensitive business and investor information from a competitor in the same field, and disputes the relevance of the information sought to Defendant's affirmative defenses. Id. at 15-21. The Declaration of Brian Procel attaches, as exhibits, the parties' email correspondence regarding the subpoenas, the deposition notices and subpoenas issued by Defendant, portions of the deposition testimony of Defendant's principal, Mr. Khanna, and documents produced in discovery. Dkt. Nos. 47-48.

Defendant claims that Plaintiff's supplemental brief exceeds the Court's Order in addressing *all* of Defendant's third party discovery rather than Defendant's recent third party subpoenas to the extent that they bear on the scope of the two document subpoenas addressed in the *ex parte* application. Dkt. No. 54 at 1-3. However, the Court's November 17, 2020 Order permitted Plaintiff to file "additional briefing regarding the *recent* subpoenas Defendant has issued to various non-parties based on Plaintiff's claim that the requests for voluminous financial and other records is not relevant to the claims in this case and constitutes harassment for non-parties to this case." Dkt. No. 46. Accordingly, the Court will limit its review to the non-party subpoenas issued by Defendant from October 27, 2020 to November 17, 2020. See Procel Declaration, ¶ 10, Nos. 8-24a.[4]

---

[3] Defendant's objections to the Declarations filed in support of Plaintiff's Supplemental Memorandum (Dkt. Nos. 62-63) are Overruled.

[4] Accordingly, the Court declines to address (1) Plaintiff's claims regarding Defendant's failure to adequately prepare its PMK deponent, produce responsive documents, and assistance in evading service of a subpoena; and (2) Defendant's claims regarding Plaintiff's lack of compliance regarding discovery as beyond the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

Defendant argues, as it did in its opposition to Plaintiff's *ex parte* application, that its discovery requests for testimony and documents from non parties to this case seek information that is relevant to its affirmative defenses of fraud and unclean hands. Dkt. No. 54. In particular, Defendant alleges that Plaintiff's principals made false statements regarding the companies that the Arcadian Fund had invested in and added to its portfolio and how much money had been invested in the Fund and that these representations were material to Defendant's decision to enter into the consulting agreement with what they believed to be the Fund rather than Arcadian Capital LLC., which they contend was not even formed at the time of the agreement and is not part of the Fund or the Entities. Dkt. No. 54 at 6-7. Defendant further alleges that Plaintiff Arcadian Capital LLC may not even have standing to bring this case if the consulting agreement was in fact signed on behalf of Arcadian Capital Management based on the manner in which another referral fee under the agreement was accounted for. Id. at 8-9.

Defendant contends that Plaintiff does not have standing to move to quash subpoenas issued to third parties except based on privilege and Plaintiff has not asserted that any of the information Defendant seeks through its third-party subpoenas is privileged. Dkt. No. 54 at 15. While a party generally lacks standing to challenge a subpoena issued to a nonparty, "except as to claims of privilege relating to the documents being sought," *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.,* 299 F.R.D. 638, 643 (E.D. Cal. 2014), several courts have recognized that a party can move for a protective order regarding a subpoena issued to a non-party if it believes its own interests are jeopardized by the discovery being sought and has standing under Rule 26(c) a protective order regarding subpoenas issued to non-parties which seek irrelevant information. *Strategic Partners, Inc., v. FIGS, Inc.,* 2020 WL 6143607 *2 (C.D.Cal. Sept. 3, 2020) (defendant may have standing to challenge third party subpoenas if the subpoenas are overbroad and seek irrelevant information). Here, Plaintiff's challenge to the subpoenas is solely based on claims of privacy and relevance. Dkt. No. 47 at 15-21. However, privacy assertions must be balanced against the need for disclosure. Here, as set forth below, the subpoenas seek relevant information that is not available to Defendant from any other source, and the protective order entered in this case sufficiently addresses Plaintiff's concerns about the improper disclosure of confidential or sensitive information.[5]

---

scope of the supplemental briefing authorized by the Court. If the parties seek rulings on these issues, they may file motions, in compliance with Rule 37, or seek an informal discovery conference with the Court.

[5] Plaintiff's claim that its business and financial information warrants special protection from disclosure to Defendant because they are business competitors, (Dkt. No. 47 at 16-17), is belied by its assertion that Arcadian Capital LLC is a single purpose entity with only one asset, the consulting agreement with Defendant. Id. at 3. As Defendant notes, the "Arcadian Fund Entities are engaged in raising and investing funds in other companies, not in the business of making and selling products as Defendant Cura does." Dkt. No. 54 at 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

With respect to the third-party subpoenas at issue, the Court finds that Defendant has established the relevance of information it seeks from the subpoenas issued to (1) Emily Ah Sing, (see Procel Decl., ¶ 10, No. 8 Exh. Y), Lisa Riedmiller, (id., No. 10; Exh. AA), Krishnan Varier, (id., No. 23, Exh. PP), and Riedmiller and Associates, (id., No. 9; Exh. Z), for testimony and documents about the management of the Fund, Sugarman's role in the Fund, and the industries that the Fund invested in; (2) Gregory Lorenzetti, (id, No. 6a, Exh. EE), for testimony and documents regarding the negotiation and development of the Consulting Agreement; (3) Bridge Bank, (id., No. 13, Exh. FF), for documents identifying the location and use of Fund assets and investments and whether the Fund invested in "plant-touching" businesses; (4) Yuichi E. Levinson, (id. No. 14, Exh. GG), the PMK for Starpoint Properties LLC, (id., No. 18, Exh. KK), and the PMK for FK Realty, LLc (id., No. 21, Exh. NN), who are identified as investors in the Fund Entities, for testimony and documents regarding representations made by Nordgren and Sugarman regarding the Fund, and their knowledge of the funds that Khanna and Defendant paid to the Entities and whether the Fund could invest in plant-touching companies; (5) the PMK for Wurkforce, Inc., (id., No. 15. Exh. HH), the PMK for Treez, Inc., (id., No. 16. Exh. II), and the PMK for ESJ Group, LLC, (id., No. 22, Exh. OO), for testimony and documents regarding representations made by Nordgren regarding investment in the Fund and their knowledge of and position regarding whether Arcadian Capital Management could enter into a contract with Defendant; and (6) High Times Holding Corp, (id., Nos. 24, 24a, Exhs. QQ, RR), for documents regarding any investment in the Fund. See Dkt. No. 54 at 14-17. These subpoenas are directed to individuals and entities that may have information and documents relevant to Defendant's affirmative defenses, including the accuracy of the representations made by Nordren and Sugarman regarding the Fund and whether the consulting agreement was entered into by Arcadian Capital Management or Arcadian Capital. Dkt. No. 54 at 17-18. However, the subpoena requests are broader in scope than necessary to obtain information relevant to the claims and defenses in this case. For example, documents relating to all financial relationships between Sing and Nordgren or Sugarman from 2017 to the present (See Procel Decl., ¶ 10, Exh. Y, Request No. 6) is not limited to the consulting agreement or representations made by Nordgren or Sugarman regarding the Fund, and its investors. Accordingly, the parties are ordered to meet and confer to narrow the scope of the testimony and records sought to those topics that are relevant to Defendant's affirmative defenses. Plaintiff's motion to quash these subpoenas is DENIED, subject to the parties' meet and confer. Plaintiff may provide responses subject to the terms of the protective order issued in this case.

Defendant has not explained the relevance of the subpoenas issued to Elizabeth Sugarman (see Procel Decl., ¶10, No. 12, Exh. CC), the PMK of TOV RX, LLC, (id., No. 17, Exh. JJ), Patrick Condon (id., No. 19, Exh. LL), and the PMK for Noho Renew Apartments, (id., No. 20, Exh. MM) for testimony and/or documents. Dkt. No. 54. Accordingly, Plaintiff's motion to quash these subpoenas is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

**F.    Motion To Modify Scheduling Order**

The Court has reviewed the parties' respective proposed modifications to the scheduling order and, given the parties' need to meet and confer regarding, and comply with, the third-party subpoenas issued by Defendant and complete necessary discovery, the Court sets the following dates:

Fact Discovery cutoff continued to  March 1, 2021

Initial Expert Witness Exchange continued to March 5, 2021

Rebuttal Expert Witness Exchange continued to March 19, 2021

Expert Witness Cutoff continued to April 1, 2021

Motion Cutoff Date continued to April 8, 2021

**G.    Conclusion**

Defendant's motion to compel testimony from Third Party Stacy Huynh is GRANTED IN PART and DENIED IN PART.  Defendant may seek responses to questions regarding the identity of investors and amounts of investments in the Entities for the relevant time period and inquire about topic no. 2, Ms. Huynh's knowledge of representations that were made to the Entities' investors about Nordgren's and Sugarman's industry experience and connections, and reasonable follow up inquiries regarding this subject matter.  Ms. Huynh will submit to a second deposition not to exceed two hours for this purpose or, with the parties' agreement, may provide responses by sworn declaration.  Ms. Huynh's responses will be subject to the provisions of the protective order entered in this case.

Defendant's motion to compel further production of documents from Ms. Huynh is DENIED as moot.

As set forth above, Plaintiff's motion to quash third-party subpoenas is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED as to the subpoenas identified in the Declaration of Brian Procesl, ¶ 10 as Nos. 12, 17, 19 and 20; the motion is DENIED as to the subpoenas identified in the Declaration of Brian Procesl, ¶ 10 as Nos. 6a, 8, 9, 10, 13, 14,  15, 16, 18,  21, 22, 23, 24, 24a, subject to the Court's order directing the parties to meet and confer regarding the scope of the testimony and documents requested.

The Court has modified the Scheduling Order as indicated in section F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 20-03372-JWH (ASx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | *Arcadian Capital, LLC, v. Cura Partners, Inc.* | | |

The parties may avail themselves of the Court's informal discovery dispute resolution process to resolve any remaining discovery issues. (See Judge Sagar's Procedures).

**IT IS SO ORDERED.**

cc: John W. Holcomb
United States District Judge

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | AF | | |